## RICHER v. FARGO.

(Supreme Court, Appellate Division, Third Department. December 9, 1902.)

1. CARRIERS OF FREIGHT—TRANSPORTATION COMPANY—MISDELIVERY OF GOODS.

The consignor of a car load of eggs notified a railroad station agent that it desired to ship them in one of defendant transportation company's cars. The railroad station agent thereupon procured a car of defendant's, in which the eggs were shipped to Chicago over the agent's road, to be there forwarded to the state of New York; the agent notifying defendant's general agent at Chicago of the shipment. Defendant's Chicago agent issued a receipt to the consignor, showing the proper destination of the eggs; but, through the mistake of an employé of the railroad in instructing a connecting railroad, the eggs were sent to a wrong destination. *Held*, that defendant transportation company was liable for the error; the shipment coming into its custody at least on arrival at Chicago.

2. SAME—QUESTION FOR JURY.

The question of defendant's liability for the railroad company's error was one of law, and was improperly submitted to the jury.

Appeal from trial term.

Action by Nicholas Richer against James C. Fargo, as president of the Merchants Dispatch Transportation Company. From a judgment for plaintiff entered upon a verdict, and from an order denying a new trial on the minutes, defendant appeals. Affirmed.

Argued before PARKER, P. J., and KELLOGG, SMITH, CHASE, and CHESTER, JJ.

Hiscock, Doheny, Williams & Cowie, for appellant.

O. F. Matterson (George W. Ray, of counsel), for respondent.

KELLOGG, J. The complaint charges the defendant with negligence in transporting a car load of eggs to New York City, instead of to New Berlin, N. Y. The defendant is a common carrier, operating, however, no railroads, but owning cars, constructed as refrigerator cars, by which, through some arrangement with the railroad companies, it transports perishable property from one place to another, and has a general agent in the city of Chicago. Just what authority railroad companies or their station agents have to take the cars of this defendant, and load them and bill them, does not clearly appear. Hence it does not clearly appear to what extent the station agent of a line of railway over which the defendant operates its cars is the agent of the defendant. The practice would seem to be for such agents to procure in some way for consignors, when requested, a car of the defendant's, and load and bill the car, giving subsequent notice to the general agent at Chicago. This practice seems at least to have been approved by the defendant. The firm of McElowney, Francis & Richer, at West Salem, Wis., shipped the car of eggs in question to plaintiff, at New Berlin, N. Y. They notified the station agent of the Chicago, Milwaukee & St. Paul Railway that they wished to make the shipment in a refrigerator car of the Merchants Dispatch Transportation Company. They had been in the habit of shipping in these cars, and this had been their method of procuring the cars. The station agent procured a car

of defendant, or one of defendant's cars, and helped to load the eggs into it, locked the car, and gave to the shipper a waybill on November 17, 1893, stating the names of the shippers; name of consignee, N. Richer; place of destination, New Berlin, N. Y.; "to be transported by the Chicago, Milwaukee & St. Paul Railway Co. over the line of this railroad to their warehouse at Chicago"; and notice was immediately given to defendant's general agent at Chicago. The car seems to have reached Chicago on November 19th. On that day the general agent at Chicago made out and sent to the consignors a receipt as follows:

"Merchants Dispatch Transportation Co.

"Dairy Freight Line.

"Office Western Union Building, 138 Jackson St.

"11—19—1893.

"At.......................

"We have received this day from

...................... Railway:

| "No. Pkgs. | Contents. | Weight. |
|---|---|---|
| | Firkins butter | |
| | Tubs | |
| | Bbls. eggs | |
| 400 | Cases " | 21,200 |
| | Boxes cheese | |
| | "    poultry | |
| | Bbls.    " | |

"Consigned to N. Richer.

"Rate Chi. to New Berlin, 65 per 100.

"Advanced charges, 69.90.

"Yours respectfully,　　　　　Gordon McLeod,

"M. D. T., Genl. Western Agent."

This is conceded to be the egg shipment made at West Salem, Wis., on November 17th. On the same day, November 19th, one John Hedburn, a clerk in the employ of the Lake Shore & Southern Railroad Company, claiming to have received a slip from the Chicago, Milwaukee & St. Paul Railway Company indicating that these eggs were consigned to N. Richer, New York, made out a waybill for train conductors, in the name of the Merchants Dispatch Transportation Company, directing delivery of the eggs to N. Richer, New York; and they were forwarded to New York City, and not to New Berlin, which is some 225 miles distant. The plaintiff had no notice of this change of destination. He had in his possession the waybill delivered at West Salem to the consignors; also the receipt of the general agent of the defendant. He found the eggs in New York City about November 29th. They should have been in New Berlin on November 22d. They had been taken from the car and stored in some building. It was claimed that the eggs were spoiled or injured by this treatment. It does not appear that the defendant, after its general agent was notified from West Salem of the shipment to New Berlin, gave any directions as to their shipment from Chicago, or took any steps to discover whether their destination out of Chicago was to New Berlin or elsewhere. He gave his receipt to the consignors, showing the right destination. If this general agent of the company trusted to a clerk of any railroad company to

waybill the eggs, the defendant is not, I think, relieved from liability, any more than it would have been had the general agent himself changed the destination. If the eggs did not in fact come into the custody of the defendant at West Salem, Wis., they certainly did at Chicago; and from that moment the company was responsible for all mistakes in shipment from Chicago, by whomsoever the mistake was made. It was bound to see to it that they were properly waybilled to New Berlin. If the Chicago, Milwaukee & St. Paul Railway Company gave to its connecting road a wrong destination, the defendant should have made the correction, for it was then in charge of this car, and was fairly informed as to the proper destination. The rule that a railway company acts as the agent of the consignor in making delivery to a connecting railway has in this case no room for application, for it became the duty of defendant, under the facts here, to itself supervise and instruct as to such shipment from Chicago. This seems to have been the question most seriously urged by defendant on the trial: Whether it was liable for the mistake of any railroad company in making a change at Chicago in the place of delivery. The defendant claimed that it was a question of fact, and ought to be submitted to the jury. At the defendant's request, the court did so submit it. Whether as a question of law or fact we think from the testimony, the defendant was properly held to be liable.

The learned court, on the motion for a nonsuit, said, "It strikes me, about the only question for the jury is the question of damages," and, before the case was submitted to the jury, repeated this remark. This was obviously said as to defendant's liability because of a change in the destination, and I am inclined to think that the court was right in that view of the case. The submission of this question to the jury was a concession, in my opinion, to which defendant was not entitled on the evidence.

The judgment should be affirmed, with costs. All concur.